74

[667 NYS2d 48]

In the Matter of BENJAMIN SNEED, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 30, 1997

#### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Benjamin Sneed,* was admitted to the practice

---

* Respondent has not appeared in this proceeding.

of law in the State of New York by the First Judicial Department on March 31, 1952. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By an order and decision of this Court (191 AD2d 118), entered July 13, 1993, respondent was suspended from the practice of law for a period of five years for neglecting legal matters entrusted to him, failing to timely withdraw from a case, and converting client funds, albeit without venal intent.

Respondent was charged in a superior court information filed in the Supreme Court of the State of New York, County of New York, with grand larceny in the fourth degree, in violation of Penal Law § 155.30, a class E felony under the laws of the State of New York, and with practicing law while suspended (a misdemeanor) in violation of section 486 of the Judiciary Law. On June 7, 1996, respondent pleaded guilty and was sentenced on April 29, 1997 to five years' probation.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground that he has been disbarred upon conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Judiciary Law § 90 (4) (e) provides, in pertinent part, as follows: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state".

Respondent stands convicted of a felony under New York law (Penal Law § 155.30) and, therefore, automatically ceases to be an attorney and counselor-at-law (Judiciary Law § 90 [4] [a]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys.

MURPHY, P. J., ROSENBERGER, RUBIN, MAZZARELLI and ANDRIAS, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.